In a contest between legatees, construction is sought of the will and codicil of Selina Rodger Warren:
"I, Selina Rodger Warren, of the city of Detroit, county of Wayne, State of Michigan, being of sound and disposing mind and memory, do hereby make, publish, and declare the following as and for my last will and testament, viz:
"First: I direct that all my just debts and funeral expenses be paid in full.
"Second: I give, devise and bequeath to the following-named persons the sum set opposite their names, to-wit:
"To my sister, Annie C. Rodger, $5,000;
"To my sister, Mary B. Brownell, $4,000;
"To my niece, Jessie B. Davis, $1,000;
"To Paul E. Davis, son of my said niece, $2,000;
"To Francis Mullen and John Mullen, grandsons of my late husband, $500 each;
"To my friend Henrietta Wood, of Detroit, Michigan, $500;
"To Mrs. Laura Ried, the wife of Robert Ried, San Marcos, Cuba, $1,000;
"To the First Baptist Church, of Detroit, Michigan, the sum of $500, with the request that the principal be kept intact and the income be used for the fellowship fund. I give the further sum of $500 to *Page 111 
the First Baptist Church with the request that it be added to its endowment fund.
"Third: All the rest, residue and remainder of my estate, of every character whatsoever, and wherever situated, I give, devise, and bequeath to the First Baptist Church, of Detroit, Michigan, the same and the proceeds thereof to be kept invested and re-invested from time to time and the income thereof to be devoted to the care and relief of old people of the Baptist denomination in the city of Detroit, preferably for the support of the Baptist Old Peoples Home if one is established. Should the First Baptist Church as such for any reason not be qualified by law to take and hold such residue as a trust fund for the purposes hereinbefore mentioned then I give, devise and bequeath said residue to the persons who shall at the time of my death be trustees of the First Baptist Church, they to take and hold said residue for the same purposes hereinbefore specified."
A few days later she herself made and executed the following codicil:
"In looking over the last third paragraph in my will made August 18, 1926, I realize it is too drastic, that in giving for one purpose more than I realized when signing so hereby make it null and void by changing it as follows:
"To my nephew Paul E. Davis' little daughter, $500, in trust to her father;
"To the Baptist Children's Home, $500;
"All my personal property to my sister, Annie C. Rodger.
"The remainder to be left in trust to my sister, Annie C. Rodger with the exception of family broach which I give to my sister Mary B. Brownell. The remainder to be given in trust to my sister Annie C. Rodger (as executor to be used for home and foreign missions or for anything that will further the work of the Kingdom)." *Page 112 
The question is:
"Does the codicil modify the will to the end that the bequests mentioned in the codicil, to-wit:
"To my nephew Paul E. Davis' little daughter, $500, in trust to her father;
"To the Baptist Children's Home, $500;
"All my personal property to my sister, Annie C. Rodger;
"The family broach to my sister Mary B. Brownell;
"stand on the same footing as the bequests mentioned in paragraph two of the will, or, does the codicil only modify and affect paragraph three of the will so that the codicil is operative only as to any residue remaining after the bequests mentioned in the second paragraph of the will are wholly satisfied?"
The decision of the probate court was, —
"That a proper construction of said will and codicil is that the codicil is operative only as to any residue remaining after the bequests mentioned in paragraph two are wholly satisfied."
The decision was affirmed in the circuit court, and Annie C. Rodger has appealed. There is contention over the language: "so hereby make it null and void by changing it." If all of paragraph three be null and void, it is nonexistent, and there is nothing to change. The words must be read together. Testatrix intended to set aside the distribution of the residue under the third paragraph and to provide a new and different distribution of such residue. She intended to make null and void former distribution under paragraph three and to effect change by a new and different distribution. And it appears from extrinsic evidence in aid of construction that to accept the construction urged by appellant, as *Page 113 
stated in the alternative of the question presented, would be to give to her the bulk of the estate, which it is clear testatrix did not intend. Sondheim v. Fechenbach, 137 Mich. 384.
Affirmed.
McDONALD, C.J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.